FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 OCT 24  A 9 35

CLERK'S OFFICE
AT BALTIMORE

BY_____ _____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH JESSE SEARS             *

Plaintiff                       *

v                               *       Civil Action No. JKB-11-1071

WARDEN JOHN WOLF and            *
ADEYEMI OLUWAISTIMI
                                *
Defendants

\*\*\*

## MEMORANDUM

Pending is defendants' motion to dismiss or for summary judgment. ECF No. 10. Plaintiff Kenneth Sears ("Sears") opposes the motion. ECF No. 14. The court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

### Background

Sears alleges that on August 13, 2010, he was issued a Notice of Infraction (NOI) by defendant Adeyemi Oluwaistimi, a correctional officer at Jessup Correctional Institution (JCI) where Sears was then confined.[1] ECF No. 1, at p. 2. In the NOI, Oluwaistimi stated that Sears picked up a second food tray in the cafeteria, was ordered to put it down, refused to follow the order, and proceeded to eat the food on the tray. ECF No. 14 at Ex. 1. He further alleged Sears called him an "African Nigger," and used other disrespectful terms in addressing him. Oluwaistimi signed the NOI under penalty of perjury and upon personal knowledge that the facts set forth in the NOI were true and correct. *Id.*

At a disciplinary hearing on September 21, 2010, before Hearing Officer Peter M. Juknelis, Sears pleaded not guilty. ECF No. 1 at p. 2. Video footage of the area where the alleged infraction took place was viewed by Juknelis in response to Sears' request. The video

---

[1] Sears was transferred to Eastern Correctional Institution on December 5, 2010.

contradicted the report written by Oluwaistimi inasmuch as it depicted Sears putting the second food tray down and immediately leaving the dining hall. ECF No. 1 at p. 6. As a result, Sears' testimony denying the charges in the NOI was deemed more credible than the officer's report and he was found not guilty of the alleged rule violations. Sears asserts that Oluwaistimi perjured himself on the NOI and endangered his life by claiming he used racial slurs against him since the majority of the prison population at JCI is African American. ECF No. 1 at p. 3.

**Standard of Review**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually

2

unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

### Due Process Claim

In prison disciplinary proceedings where a prisoner faces the possible loss of good conduct credits he is entitled to certain due process protections. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. *See Wolff*, 418 U.S. at 564-571. Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *See Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985). The goal of affording these protections is to provide a fair disciplinary hearing to prisoners accused of violating institutional rules and placed at risk of losing good conduct credits, thus lengthening their terms of confinement. In the instant case that goal was met. Sears requested video footage of the dining hall taken during the alleged incident and it was presented to the hearing officer. Based on that evidence, Sears was exonerated of all adjustment charges against him. Sears' due process rights were not violated. *See e.g. Morisette v. Peters*, 45 F. 3d 1119, 1122 (7th Cir. 1995) (no due process violation where wrongful disciplinary conviction is overturned during administrative appeal process).

Notwithstanding the due process protections afforded, the apparent perjury in Oluwaistimi's statement remains a troubling aspect of this case. The false accusations made, however, comprise at most a state tort claim and are not sufficient to support a constitutional

3

claim. *See Pollard v. Baskerville*, 481 F. Supp. 1157, 1160 (D. Va. 1979) (fact that a tort may have been committed by a state officer does not automatically confer a federal cause of action). A claim of "malicious prosecution may also constitute a violation of section 1983 if, acting under color of state law, the defendant has thereby subjected the plaintiff to a deprivation of constitutional magnitude." *Pyles v. Keane*, 418 F. Supp. 269, 276 (S.D.N.Y. 1976). In the instant case Sears has not been subjected to a deprivation of constitutional magnitude, *e.g.*, loss of good conduct credits, as a result of the false statements made by Oluwaistimi. While "[p]risoners are entitled to be free from arbitrary actions of prison officials . . . [t]he protections against this arbitrary action . . . are the procedural due process requirements as set forth in *Wolff*." *Hanrahan v. Lane*, 747 F. 2d 1137, 1140 (7th Cir. 1984) (planting of false evidence by prison guards). Defendants are entitled to summary judgment in their favor on this claim.

## Eighth Amendment Claim

Sears also claims that the false accusations portrayed him as a racist in an environment where such portrayal could have made him a target for violence and the Warden's failure to take action was deliberately indifferent to that risk. ECF No. 1 and 14. In order to prevail on an Eighth Amendment claim of failure to protect from violence, Sears must establish that defendants exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F. 2d 977, 979 (4th Cir. 1987). "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833– 34 (1994) (citations omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying

4

an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id* at 837, see also *Rich v. Bruce*, 129 F. 3d 336, 339– 40 (4th Cir. 1997).

There is no evidence that Warden Wolf knew that Sears had actually been targeted for a violent attack by other inmates and failed to take steps to protect him. At most, Sears informed Wolf that Oluwaistimi's allegations could create a danger to Sears's personal safety. Because there is always a potential for violence in the prison setting, prison officials are not held liable for ignoring potential threats. To the extent Sears was transferred to another prison, away from Oluwaistimi, any ongoing potential for threat to his safety was eliminated. Defendants are entitled to summary judgment in their favor on this claim.

Having found that the undisputed facts in the case do not support a claim for constitutional rights violation, defendants' motion for summary judgment shall be granted by separate order which follows.

10/21/11
Date

James K. Bredar
United States District Judge